SALLIOTTE *v.* WILLIAMS.

1. EQUITY PRACTICE—EXCLUSION OF TESTIMONY—PREJUDICE.
 Where the circuit judge in a chancery case excludes the testimony offered by defendants, an actual prejudice need not be shown, but it should appear affirmatively that no injury could result to them through this unusual course.

2. COLLATERAL ATTACK—BILL OF REVIEW—CROSS-BILL.
   A decree by a court having jurisdiction cannot be impeached collaterally by an answer in the nature of a cross-bill, special leave of the court to file a bill of review not having been first obtained. Chancery Rule No. 27.

Appeal from Wayne; Donovan, J. Submitted January 29, 1902. (Docket No. 14.) Decided March 18, 1902.

Bill by Catherine Campau Salliotte against Julia Campau Williams and others for the construction of a will. From a decree for complainant, defendants appeal. Affirmed.

*Thomas A. E. Weadock*, for complainant.

*Beath & Beath* and *Edwin Henderson*, for defendants.

MONTGOMERY, J. The original bill in this case was filed by complainant as executrix and sole devisee of Archibald Campau, deceased, to obtain a construction of the will of Archibald Campau; the complainant's claim being that, by the terms of the will, she was given an absolute and indefeasible estate in all of testator's property. The bill set out, among other things, that certain of the defendants had denied this claim of the complainant, and had "harassed and annoyed your oratrix in various ways in regard to said property, and compelled her to file a bill in chancery, which resulted in a decree in her favor, after she had paid them a large sum of money;" and that they thereupon quitclaimed to complainant the premises in question in that suit.

The answer sets up that, before the will was admitted to probate, a contest was filed by certain of the defendants, which was withdrawn on complainant's agreeing to deed to contestants certain of the real estate belonging to the estate of Archibald Campau, which agreement is averred to have been put in writing and signed by the parties. It is further averred that complainant then refused to make said deeds, and brought a suit in chancery

to have said agreement set aside; that, before the chancery suit was brought on for trial, complainant agreed with defendants that, if the defendants would give her a life lease of the property there in controversy, she would pay the defendants the sum of $1,000 each, and execute good and sufficient deeds of the property to the defendants, and would dismiss the suit in chancery; that the moneys were paid to the defendants, and the defendants stood ready to, and did, sign a paper which they were informed was a life lease of the property to the complainant and an agreement on her part that they were the owners of the land subject to her life estate; but that said complainant did not dismiss said suit in chancery, but fraudulently and wrongfully took a decree in said suit. The answer denies that defendants ever knowingly made and signed a quit-claim deed of the property to complainant, and avers that, if there be such a paper writing bearing their signatures, it is not their deed, and is a fraud upon their rights, and was obtained by fraud, false representations, and misstatements of facts.

A demurrer to this cross-bill was overruled. A replication was thereupon filed, and the case came on for hearing upon testimony to be taken in open court. Upon this hearing the probate proceedings were introduced, and the chancery decree in the former case, which, in terms, declared the contract set up in the answer in this case null and void, and that it entitled the defendants to no right, title, or interest in the premises described. It further declared the title to the property there in controversy to be in Catherine Campau, as against said defendants, and each of them, and, specifically, that neither of said defendants, under said contracts or agreements, had any right, title, or interest, either jointly or severally, in the same. The defendants offered testimony to support the averments of their cross-bill, and the court excluded it. The case is brought here for review.

The question to be determined is whether the refusal to receive the testimony offered by the defendants prejudiced

their rights in any way, or, more properly, whether it *could* have worked a prejudice to their rights, as, in such case, an actual prejudice need not be affirmatively shown, but it should appear affirmatively that no injury could result to defendants through this unusual course having been adopted.

The theory of the answer in the nature of a cross-bill apparently is that this controversy over the construction of the will was compromised by the parties, and that the complainant has refused to carry out the terms of the compromise. If there had been no previous adjudication of this question, these two propositions, if established by evidence, might constitute a defense. But, unfortunately for defendants, the answer goes further than this, and sets up that the question of this contract and the rights under it were settled by a decree; and the decree introduced at the hearing so shows. It would appear, then, that, whatever the testimony offered might be, the defendants could not avail themselves of it while the decree stands. The circuit judge was of the opinion that the decree could not be impeached collaterally, nor attacked by an answer in the nature of a cross-bill. In this view we concur. Chancery Rule No. 27 is explicit on this point. It provides that no bill of review, *or other bill in the nature of a bill of review*, shall be filed without special leave of the court first obtained. This practice was not followed in this case, and the proposed defense is no more than an attempt to impeach the first decree in a collateral proceeding. No prejudice could result to the defendants from excluding the testimony offered.

No other point is discussed in appellants' brief, from which we assume that the construction given by the learned circuit judge to the will in question is not assailed.

The decree will be affirmed, with costs.

HOOKER, C. J., and GRANT, J., concurred. MOORE and LONG, JJ., did not sit.